■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN MUSCOREIL, Appellant. [655 NYS2d 224] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Upon our review of the record, we conclude that defendant's conviction of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) is supported by legally sufficient evidence

*(see, People v Bleakley,* 69 NY2d 490, 495). There is no merit to the contention of defendant that Supreme Court erred in denying defendant's request to reopen the suppression hearing based upon the prosecutor's alleged failure to turn over *Brady* material *(see, Brady v Maryland,* 373 US 83). Reopening a suppression hearing is committed to the discretion of the trial court *(People v Hults,* 150 AD2d 726, 727, *affd* 76 NY2d 190). The court erred, however, when it imposed a one year definite sentence to be served consecutively to an indeterminate sentence previously imposed on another conviction. Because the offense underlying the definite sentence of imprisonment was committed prior to the time the indeterminate sentence was imposed, defendant's definite and indeterminate sentences must run concurrently *(see,* Penal Law § 70.35; *People v Leabo,* 84 NY2d 952; *People v Adams,* 109 AD2d 745). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Criminal Possession Controlled Substance, 7th Degree.) Present— Green, J. P., Lawton, Callahan, Boehm and Fallon, JJ.