■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v UMZANDILE GRAHAM, Appellant. [679 NYS2d 921] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Upon our review of the record, we conclude that the conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). We further conclude, however, that Supreme Court erred in directing that the definite sentences of incarceration imposed on counts one and four, assault in the third degree (Penal Law § 120.00 [2]) and criminal contempt in the second degree (Penal Law § 215.50 [2]), be consecutive to the indeterminate sentences of incarceration imposed on counts two and three, attempted murder in the second degree (Penal Law §§ 110.00, 125.25) and assault in the first degree (Penal Law § 120.10 [1]). Because the offenses underlying the definite sentences were committed prior to the date on which the indeterminate sentences were imposed, the sentences must run concurrently (*see*, Penal Law § 70.35; *People v Muscoreil*, 237 AD2d 970, 971, *lv denied* 90 NY2d 861). We therefore modify the judgment by providing that the definite sentences of incarceration run concurrently with the indeterminate sentences.

We have reviewed defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Attempted Murder, 2nd Degree.) Present—Pine, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.