■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMIE L. DAVIS, Appellant. [735 NYS2d 851] —Judgment unanimously affirmed. Memorandum: The contention of defendant that the Grand Jury proceeding was defective does not survive his guilty plea. The alleged error was evidentiary, not jurisdictional (*see, People v Hansen,* 95 NY2d 227, 231; *People v Robertson,* 279 AD2d 711, 712-713, *lv denied* 96 NY2d 805). Furthermore, to the extent that defendant contends that the prosecutor engaged in misconduct during the Grand Jury proceeding, that contention also does not survive his guilty plea (*see, People v Hansen, supra,* at 231-232; *People v Di Raffaele,* 55 NY2d 234, 240; *People v Emmi,* 254 AD2d 840, *lv denied* 92 NY2d 949). The waiver by defendant of the right to appeal forecloses review of his further contention that the sentence is unduly harsh or severe (*see, People v Hidalgo,* 91 NY2d 733, 737). (Appeal from Judgment of Niagara County Court, Fricano, J.—Sexual Abuse, 1st Degree.) Present—Green, J. P., Hayes, Hurlbutt, Burns and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STACEY A. SUTTON, Appellant. [735 NYS2d 461] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: As the People correctly concede, County Court erred in directing that the definite sentence of incarceration imposed on the violation of probation be consecutive to the indeterminate terms of incarceration imposed on the convictions of scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]) and criminal possession of a forged instrument in the second degree (Penal Law § 170.25). The offense underlying the definite sentence was committed prior to the date on which the indeterminate sentences were imposed, and thus the sentences must run concurrently (*see,* Penal Law § 70.35; *People v Graham,* 255 AD2d 932, *lv denied* 93 NY2d 873). We therefore modify the judgment by providing that the definite sentence of incarceration shall run concurrently with the indeterminate sentences. (Appeal from Judgment of Erie County Court, DiTullio, J.—Violation of Probation.) Present—Green, J. P., Hayes, Hurlbutt, Burns and Lawton, JJ.