■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY McQUILLER, Appellant. [797 NYS2d 224]—

Appeal from a judgment of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), rendered March 4, 2003. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [b]). We agree with defendant that his waiver of the right to appeal is not valid inasmuch as Supreme Court's "single reference to defendant's right to appeal is insufficient to establish that the court 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Brown*, 296 AD2d 860, 860 [2002], *lv denied* 98 NY2d 767 [2002], quoting *People v Kemp*, 255 AD2d 397, 397 [1998]; *see People v Gonzalez-Saez*, 16 AD3d 1171 [2005]; *People v Harris*, 4 AD3d 767 [2004]; *People v Van Every*, 1 AD3d 977, 978 [2003], *lv denied* 1 NY3d 602 [2004]).

Defendant failed to preserve for our review his contention that the court failed to comply with the terms of the plea agreement by failing to specify that the determinate sentence imposed on the attempted robbery conviction was to run concurrently with a previously imposed definite sentence that defendant was presently serving (*see* CPL 470.05 [2]). In any event, we note that the court did not actually specify whether the sentences were to run concurrently or consecutively and, thus, by operation of law, the sentence imposed herein ran concurrently with the prior sentence (*see* Penal Law § 70.25 [1] [a]). Furthermore, even assuming, arguendo, that the court had specified that the sentence imposed on the attempted robbery conviction would run consecutively to the definite sentence previously imposed, we conclude that the determinate sentence nevertheless would merge with the previously imposed definite sentence by operation of law (*see* § 70.35). "The offense underlying the definite sentence was committed prior to the date on which the

[determinate] sentence[ ] [was] imposed, and thus the sentences must run concurrently" (*People v Sutton*, 289 AD2d 1069, 1069 [2001]; *see People v Leabo*, 84 NY2d 952, 953 [1994]; *People v Muscoreil*, 237 AD2d 970, 971 [1997], *lv denied* 90 NY2d 861 [1997]). Thus, the legal effect would be the same as if defendant had been sentenced in accordance with the terms of the plea agreement. Even assuming, arguendo, that the contention of defendant that he was denied effective assistance of counsel at sentencing survives his plea of guilty (*see generally People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we conclude that, despite defense counsel's comments at sentencing, defendant was not denied effective assistance of counsel (*see generally People v Ford*, 86 NY2d 397, 404 [1995]).

Defendant failed to preserve for our review his challenge to the court's imposition of a five-year period of postrelease supervision (*cf. People v Catu*, 4 NY3d 242 [2005]). Were we to address the merits of defendant's challenge, we would conclude that defendant was sentenced pursuant to Penal Law § 70.06, not section 70.02, and the five-year period of postrelease supervision is mandatory based on defendant's status as a second felony offender (*see* § 70.45 [2]; *People v Jeter*, 15 AD3d 885, 886 [2005]; *People v Myers*, 9 AD3d 896, 897 [2004], *lv denied* 3 NY3d 679 [2004]; *People v Lockett*, 303 AD2d 947 [2003], *lv denied* 1 NY3d 575 [2003]). Finally, the sentence is not unduly harsh or severe. Present—Green, J.P., Hurlbutt, Scudder, Pine and Lawton, JJ.