■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRANT ANDREWS, Appellant. [711 NYS2d 797] —Mugglin, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered July 27, 1999, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

In full satisfaction of an indictment charging him with two counts of assault in the first degree and two counts of assault in the second degree, defendant pleaded guilty to a single count of assault in the second degree with the understanding that he would be sentenced as a second felony offender to a determinate four-year prison term. Defendant waived his right to appeal pursuant to the plea agreement and was thereafter sentenced to the agreed-upon prison term. This appeal ensued.

Initially, we reject defendant's argument that the waiver of his right to appeal was not knowing, voluntary and intelligent because County Court neither advised him of the maximum sentence he could face at trial nor considered his limited intelligence when accepting the waiver. Our review of the record reveals that County Court conducted a sufficient colloquy with defendant in order to ascertain that he understood the rights he was waiving and adequately explained that defendant could be sentenced as a persistent felony offender in the event that he was convicted following a trial (*see, People v George*, 261 AD2d 711, 714, *lv denied* 93 NY2d 1018; *People v Minshell*, 196 AD2d 911, *lv denied* 82 NY2d 851).

Moreover, in light of our conclusion that the waiver of defendant's right to appeal was valid, defendant's challenge to the sentence imposed as harsh and excessive is not preserved for our review (*see, People v Hicks*, 245 AD2d 979; *People v McElhiney*, 237 AD2d 827, 828, *lv denied* 90 NY2d 861). In any event, were we to address the merits, we would reject defendant's contention that the sentence was based upon inaccurate information contained in the presentence report and find that the agreed-upon prison term was not harsh and excessive under the circumstances (*see, People v Lamica*, 245 AD2d 897, *lv denied* 91 NY2d 942; *People v Beha*, 241 AD2d 572).

Cardona, P. J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.