■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES G. MONACELLI, JR., Appellant. [750 NYS2d 690] —Appeal from a judgment of Orleans County Court (Noonan, J.), entered February 8, 2001, convicting defendant upon his plea of guilty of attempted burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the first degree (Penal Law §§ 110.00, 140.30 [4]). By pleading guilty, defendant forfeited his present contention that the grand jury proceedings were impaired, inasmuch as the alleged error did not render the accusatory instrument jurisdictionally defective (*see People v Hansen*, 95 NY2d 227, 230-231; *People v Davis*, 289 AD2d 1069, *lv denied* 97 NY2d 753; *People v Robertson*, 279 AD2d 711, *lv denied* 96 NY2d 805). Contrary to defendant's further contention, County Court did not abuse its discretion in issuing an order of protection (*see generally* CPL 530.13 [4]). The court was not required to obtain the consent of the person for whose benefit the order of protection was issued, and an order of protection "may be issued independent of a plea agreement" (*People v Roman*, 243 AD2d 831, 831; *cf. People v Warren*, 280 AD2d 75, 77). Also contrary to defendant's contention, the issuance of the order of protection does not render the sentence unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.