The People of the State of New York, Respondent, v Jamal Halston, Also Known as Jermel Halston, Appellant. [829 NYS2d 380]—Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered February 2, 2005. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). The valid waiver by defendant of the right to appeal encompasses his challenge to the factual sufficiency of the plea allocution and, in any event, he failed to preserve that contention for our review (see People v Spivey, 9 AD3d 886 [2004], lv denied 3

NY3d 712 [2004]; *People v Carlton*, 2 AD3d 1353 [2003], *lv denied* 1 NY3d 625 [2004]). Defendant's plea allocution does not fall within the narrow exception to the preservation doctrine (*see People v Lopez*, 71 NY2d 662, 666 [1988]). Finally, although the waiver by defendant of the right to appeal does not encompass his contention that County Court failed to exercise its discretion in sentencing him (*see People v Seaberg*, 74 NY2d 1, 9 [1989]; *People v Fehr*, 303 AD2d 1039 [2003], *lv denied* 100 NY2d 538 [2003]), and preservation of that contention is not required (*see People v Fuller*, 57 NY2d 152, 156 [1982]), we nevertheless conclude that defendant's contention lacks merit. Contrary to the contention of defendant, the court did not have discretion to sentence him pursuant to the Drug Law Reform Act (DLRA) (L 2004, ch 738) because he committed the crime at issue prior to the effective date of the DLRA (*see People v Utsey*, 7 NY3d 398 [2006]). Present—Gorski, J.P., Smith, Lunn, Peradotto and Pine, JJ.