THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY GOINS, Appellant. [844 NYS2d 805]—

Appeal from a judgment of the Supreme Court, Erie County (John F. O'Donnell, J.), rendered February 8, 2006. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of assault in the second degree (Penal Law § 120.05 [2]). Defendant was sentenced as a second felony offender on February 8, 2006 to a determinate term of incarceration of three years and a five-year period of postrelease supervision. In addition, pursuant to a final order of protection, defendant was ordered to stay away from and have no further contact with the victim until February 8, 2014.

Defendant contends, and the People correctly concede, that the duration of the order of protection is invalid inasmuch as the expiration date of the order does not comply with the provisions of CPL 530.13 (4) in effect at the time the judgment was rendered. It also is invalid on the ground that Supreme Court failed to consider the jail-time credit to which defendant is entitled (*see People v Clinkscales*, 35 AD3d 1266, 1267 [2006]; *People v Hare*, 27 AD3d 1171, 1172 [2006], *lv denied* 6 NY3d 894 [2006]; *People v Victor*, 20 AD3d 927, 928 [2005], *lv denied* 5 NY3d 833, 885 [2005]). Although defendant failed to preserve his contention for our review (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]), we exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *Clinkscales*, 35 AD3d at 1267). We therefore modify the judgment by amending the order of protection, and we remit the matter to Supreme Court to determine the jail-time credit to which defendant is entitled, and to specify in the order of protection an expiration date in accordance with CPL 530.13 (former [4]), the version of the statute in effect when the judgment was rendered on February 8, 2006. Present—Scudder, P.J., Martoche, Smith, Lunn and Pine, JJ.