# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**200**
**KA 09-02161**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

BOBBY L. LILLEY, DEFENDANT-APPELLANT.

---

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (AARON D. CARR OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered July 13, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal contempt in the second degree (Penal Law § 215.50 [3]), defendant contends that his waiver of the right to appeal was invalid and that County Court impermissibly enhanced his sentence by issuing a stay away order of protection in favor of the victim (*see generally* CPL 530.13 [4]). We note at the outset that it is of no moment whether defendant's waiver of his right to appeal was invalid. Such a waiver, even if valid, would not preclude our consideration of defendant's contention concerning the order of protection, because such an order was not a part of the plea agreement, nor was such an order discussed during the plea colloquy (*see generally People v Doris*, 64 AD3d 813, *lv denied* 13 NY3d 796). Nevertheless, we conclude that defendant's contention with respect to the order of protection is without merit. "An order of protection may properly be issued independent of a plea agreement" (*People v Smith*, 294 AD2d 916, 916) and, although such an order is issued at sentencing, it is not a part of defendant's sentence (*see People v Nieves*, 2 NY3d 310, 316; *People v Dixon*, 16 AD3d 517). Contrary to defendant's further contention, the court had the authority to issue the order of protection in the absence of the victim's consent (*see People v Monacelli*, 299 AD2d 916, *lv denied* 99 NY2d 617).

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court