# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**105**

**KA 09-02119**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

CHRISTOPHER REINHARDT, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONALD H. DODD, DISTRICT ATTORNEY, OSWEGO (MICHAEL G. CIANFARANO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered October 5, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]), defendant contends that he did not knowingly, intelligently and voluntarily waive his right to appeal because his responses to questioning by County Court in connection with the waiver were monosyllabic. He further contends that the court's characterization of the right to appeal was "confusing" and inadequate. We reject defendant's contention and instead conclude that he validly waived the right to appeal (*see People v Lopez*, 6 NY3d 248, 256). Defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution by failing to move to withdraw the plea or to vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665), and this case does not fall within the narrow exception to the preservation requirement (*see id.* at 666). Defendant's challenge to the court's suppression ruling is encompassed by his valid waiver of the right to appeal (*see People v Kemp*, 94 NY2d 831, 833; *People v McKeon*, 78 AD3d 1617). We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  March 25, 2011                          Patricia L. Morgan
                                                  Clerk of the Court