# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**924**

**KA 10-00461**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

REGINALD TAYLOR, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered February 19, 2010. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). In appeal No. 2, defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of criminal possession of a weapon in the third degree (§ 265.02 [former (4)]) and imposing a sentence of imprisonment based on his admission that he violated the terms and conditions of his probation.

In appeal No. 1, defendant contends that he did not knowingly, intelligently and voluntarily waive his right to appeal because he did not understand that his waiver of the right to appeal encompassed Supreme Court's suppression ruling. Although defendant initially sought to reserve his right to appeal with respect to the court's suppression ruling during the plea colloquy, it is apparent from the record that defendant abandoned that request. Rather, the record establishes that defendant agreed to waive his right to appeal without any reservations and stated on the record that he did so "knowingly, intelligently and voluntarily" after speaking with defense counsel (*People v Lopez*, 6 NY3d 248, 256; *see People v Dunham*, 83 AD3d 1423). Further, the court specifically addressed the fact that the waiver of the right to appeal is "separate and distinct from those rights

automatically forfeited upon a plea of guilty" and cautioned defendant concerning the effect of a waiver of the right to appeal (*Lopez*, 6 NY3d at 256; *cf. People v Adger*, 83 AD3d 1590).  Contrary to defendant's contention, his " 'waiver [of the right to appeal] is not invalid on the ground that the court did not specifically inform [him] that his general waiver of the right to appeal encompassed the court's suppression ruling[]' " (*People v Graham*, 77 AD3d 1439, 1439, *lv denied* 15 NY3d 920; *see People v Kemp*, 94 NY2d 831, 833; *Dunham*, 83 AD3d at 1424).  "Defendant's challenge [in appeal No. 1] to the court's suppression ruling is encompassed by his valid waiver of the right to appeal" (*People v Reinhardt*, 82 AD3d 1592, 1593; *see Kemp*, 94 NY2d at 833) and, in any event, we conclude that his challenges in appeal Nos. 1 and 2 to the court's suppression ruling are without merit (*see generally People v Prochilo*, 47 NY2d 759, 761; *People v Coleman*, 306 AD2d 941, *lv denied* 1 NY3d 596).  Finally, we reject defendant's contention in appeal No. 2 that the sentence of imprisonment imposed is unduly harsh and severe.

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court