# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

394

KA 09-02468

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

KENNETH J. DEFAZIO, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Stephen T. Miller, A.J.), rendered April 28, 2009. The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for further proceedings.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]), defendant initially contends that his waiver of the right to appeal was not knowingly, voluntarily and intelligently entered due to his mental limitations. We reject that contention. "Although the record indicates that defendant had [learning disabilities], [t]here was not the slightest indication that defendant was uninformed, confused or incompetent when he" waived his right to appeal (*People v Nudd*, 53 AD3d 1115, 1115, *lv denied* 11 NY3d 834 [internal quotation marks omitted]). Furthermore, the record establishes that defendant "understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256), and that he voluntarily waived the right to appeal (*see People v Tantao*, 41 AD3d 1274, 1275, *lv denied* 9 NY3d 882). Defendant's valid waiver of the right to appeal forecloses his challenge to the severity of the sentence (*see Lopez*, 6 NY3d at 255-256; *see generally People v Lococo*, 92 NY2d 825, 827; *People v Hidalgo*, 91 NY2d 733, 737).

Defendant further contends that, in setting the duration of the orders of protection, County Court erred in failing to take into

account the jail time credit to which he is entitled.  Although that contention is not foreclosed by the valid waiver of the right to appeal (*see People v Victor*, 20 AD3d 927, 928, *lv denied* 5 NY3d 833, 885), defendant failed to preserve it for our review (*see People v Nieves*, 2 NY3d 310, 315-317).  We nevertheless exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we agree with defendant that the court failed to consider the jail time credit to which he is entitled (*see People v Goins*, 45 AD3d 1371, 1372).  Consequently, the court erred in its determination of the maximum expiration date of the order of protection inasmuch as the duration of that order exceeds eight years from the date of expiration of the maximum term of the determinate sentence of imprisonment that was imposed (*see* CPL 530.12 [5]).  We therefore modify the judgment by amending the order of protection, and we remit the matter to County Court to determine the jail time credit to which defendant is entitled and to specify in the order of protection an expiration date in accordance with CPL 530.12 (5).

Entered:  April 26, 2013                      Frances E. Cafarell
                                              Clerk of the Court