■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADLEE E. BURNS, Appellant. [974 NYS2d 820]—Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered August 17, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [1]). Although "[d]efendant's challenge to the amount of restitution is not foreclosed by his waiver of the right to appeal because the amount of restitution was not included in the terms of the plea agreement" (*People v Tessitore*, 101 AD3d 1621, 1622 [2012], *lv denied* 20 NY3d 1104 [2013] [internal quotation marks omitted]; *see People v Miller*, 87 AD3d 1303, 1304 [2011], *lv denied* 18 NY3d 926 [2012]), that contention is unpreserved for our review inasmuch as defendant did not object during the restitution hearing or otherwise alert County Court of his objection (*see* CPL 470.05 [2]; *see also People v Horne*, 97 NY2d 404, 414 n 3 [2002]). In any event, we conclude that the People established the amount of restitution by a preponderance of the evidence, and there is no basis to disturb the restitution award (*see People v Lucieer*, 107 AD3d 1611, 1613 [2013]; *see generally* CPL 400.30 [4]; *People v Tzitzikalakis*, 8 NY3d 217, 221 [2007]). Present—Scudder, P.J., Smith, Fahey, Sconiers and Valentino, JJ.