■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON PAUL, Appellant. [984 NYS2d 738]—

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered July 23, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends that the order of protection is unduly harsh. We note at the outset that defendant's contention survives the valid waiver of the right to appeal because the order of protection was not a part of the plea agreement, and an order of protection is not a part of the sentence (see People v Lilley, 81 AD3d 1448, 1448 [2011], lv denied 17 NY3d 860 [2011]). Nevertheless, we conclude that it lacks merit (see People v Tate, 83 AD3d 1467, 1467-1468 [2011]). Defendant further contends that the order of protection should not have been issued because to his knowledge the victim did not request that it be issued. We reject that contention inasmuch as Supreme Court had the authority to is-

sue the order even in the absence of the victim's consent (*see Lilley*, 81 AD3d at 1448). Present—Centra, J.P., Peradotto, Carni, Lindley and Whalen, JJ.