# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

511
KA 12-01817
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JASON PAUL, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF
COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF
COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Deborah
A. Haendiges, J.), rendered July 23, 2012. The judgment convicted
defendant, upon his plea of guilty, of attempted burglary in the
second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his
plea of guilty of attempted burglary in the second degree (Penal Law
§§ 110.00, 140.25 [2]), defendant contends that the order of
protection is unduly harsh. We note at the outset that defendant's
contention survives the valid waiver of the right to appeal because
the order of protection was not a part of the plea agreement, and an
order of protection is not a part of the sentence (*see People v
Lilley*, 81 AD3d 1448, 1448, *lv denied* 17 NY3d 860). Nevertheless, we
conclude that it lacks merit (*see People v Tate*, 83 AD3d 1467, 1467-
1468). Defendant further contends that the order of protection should
not have been issued because to his knowledge the victim did not
request that it be issued. We reject that contention inasmuch as
Supreme Court had the authority to issue the order even in the absence
of the victim's consent (*see Lilley*, 81 AD3d at 1448).

Entered:  May 2, 2014                      Frances E. Cafarell
                                           Clerk of the Court