*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 4, 2014                    105979
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

ANDREW J. YAW,
                        Appellant.
_____

Calendar Date:  August 21, 2014

Before:  McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

_____

        Paul J. Connolly, Delmar, for appellant.

        Joseph G. Fazzary, District Attorney, Watkins Glen (John C.
Tunney of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the County Court of Schuyler
County (Morris, J.), rendered February 14, 2013, convicting
defendant upon his plea of guilty of the crimes of assault in the
first degree and assault in the second degree.

        During an argument on February 1, 2012, defendant struck
his father in the head with a metal tool causing life threatening
injuries, and was thereafter indicted for, among other crimes,
attempted murder in the second degree.  In satisfaction of those
charges and any future charges related thereto, defendant
accepted a plea agreement pursuant to which he pleaded guilty to
assault in the first degree and waived his right to appeal.  As
part of the same plea agreement, defendant simultaneously pleaded
guilty to assault in the second degree under another two-count

indictment stemming from assaults he committed while in jail on the murder charge.  As relevant here, he was sentenced, as agreed, to a 20-year prison term on the first degree assault conviction with five years of postrelease supervision.  He now appeals, challenging only the assault in the first degree conviction.

Defendant argues that an appeal waiver concerning the sentence was not part of the plea agreement, that the waiver was not valid and did not encompass his right to challenge the sentence as harsh and excessive, and that the oral and written waivers were contradictory.  Contrary to his contentions, the plea proceedings reflect that defendant was repeatedly advised, without qualification, that an appeal waiver was part of the agreement, and defense counsel confirmed that he reviewed the plea terms with him, including the negotiated sentence and the appeal waiver; County Court explained the meaning of an appeal waiver and made clear that it was not automatic but, rather, was separate and distinct from the other plea terms and that he would be required to sign a written waiver at sentencing.  Defendant indicated that he understood this right and freely agreed to "give up [his] right to appeal in exchange for the plea and sentence promised to [him]."  At sentencing, defense counsel stated that he had "gone over the waiver of the right to appeal" with defendant, answered his questions and that he understood it, which defendant confirmed.  Defendant signed the written waiver in open court, confirming that he had agreed to it and had discussed it with his attorney.  Thus, the record reflects that defendant was fully advised that the combined oral and written appeal waivers were part of the plea agreement and that they were agreed to knowingly, voluntarily and intelligently (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Lopez, 6 NY3d 248, 255-256 [2006]).

Further, there is no support in the record for the conclusion that the appeal waiver was limited so as to permit an appeal of the sentence.  Defendant explicitly waived his appeal rights without qualification during the allocution, and his written appeal waiver clearly stated that it covered "all rights to appeal from the judgment of conviction . . . and the sentence imposed" (see People v Maracle, 19 NY3d 925, 926-928 [2012];

People v Hidalgo, 91 NY2d 733, 735-737 [1998]; People v Fling, 112 AD3d 1001, 1002 [2013], lv denied ___ NY3d ___ [June 9, 2014]).  Likewise, while the written appeal waiver was more detailed, it did not contradict the oral colloquy and, in any event, this claim is unpreserved as it was not raised at sentencing (see CPL 470.05 [2]).  Defendant's valid waiver of the right to appeal his conviction and sentence "precludes any claim that we should exercise our interest of justice jurisdiction and reduce the [agreed-upon] sentence" (People v Boone, 101 AD3d 1358, 1359 [2012], lv denied 20 NY3d 1096 [2013]; see People v Foote, 102 AD3d 1056, 1057 [2013], lvs denied 20 NY3d 1098, 1102 [2013]).

McCarthy, J.P., Garry, Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court