# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**862**

**KA 14-01518**

PRESENT: SMITH, J.P., PERADOTTO, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

PAUL S. TURLEY, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (MARY-JEAN BOWMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

PAUL S. TURLEY, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered July 18, 2014. The judgment convicted defendant, upon his plea of guilty, of bail jumping in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of bail jumping in the first degree (Penal Law § 215.57). The record establishes that defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256), and that valid waiver encompasses his challenge to the severity of the sentence (*see People v Lococo*, 92 NY2d 825, 827; *People v Hidalgo*, 91 NY2d 733, 737).

Defendant contends in his pro se supplemental brief that the indictment is invalid because he was allegedly arrested prior to the expiration of the 30-day "grace period" provided in Penal Law § 215.57, and thus that reversal is required (*cf. People v Shurn*, 71 AD2d 610, 610, *affd* 50 NY2d 914). That contention is not properly before us. "Because the [indictment] is not jurisdictionally defective, defendant's challenge[] to the [indictment is] forfeited by defendant's plea of guilty . . . , and in any event the valid waiver of the right to appeal encompasses [that] nonjurisdictional challenge[]" (*People v Rossborough*, 101 AD3d 1775, 1775-1776).

Entered: July 10, 2015                          Frances E. Cafarell
                                                Clerk of the Court