# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1391**
**KA 14-01962**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JERMAINE RICHARDSON, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

JAMES S. KERNAN, PUBLIC DEFENDER, LYONS (ROBERT TUCKER OF COUNSEL), FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered August 12, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection to expire on April 8, 2025, and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal contempt in the first degree (Penal Law § 215.51 [c]), defendant contends that County Court erred in issuing a no-contact order of protection on behalf of the victim, who stated at sentencing that she wanted only a no-offensive-contact order of protection. We reject that contention. The sentencing court had authority to issue an order of protection, and set the terms thereof, even "in the absence of the victim's consent" (*People v Lilley*, 81 AD3d 1448, 1448, *lv denied* 17 NY3d 860; *see People v Paul*, 117 AD3d 1499, 1499-1500; *People v Monacelli*, 299 AD2d 916, 916, *lv denied* 99 NY2d 617).

We agree with defendant, however, that the court, in setting the expiration date of the order of protection, erred in failing to take into account the time he had served in jail prior to sentencing (*see People v DeFazio*, 105 AD3d 1438, 1439, *lv denied* 21 NY3d 1015; *People v Goins*, 45 AD3d 1371, 1372). Although defendant failed to preserve for our review his contention concerning the expiration date of the order of protection (*see People v Nieves*, 2 NY3d 310, 315-316), we exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]; *People v Clinkscales*, 35

AD3d 1266, 1267).  The People correctly concede that the order of protection should expire on April 8, 2025, rather than August 12, 2025, as set by the court, and we therefore modify the judgment accordingly.

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court