# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1006

KA 13-00493

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

JON T. FONTAINE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT.

JON T. FONTAINE, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered November 1, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the amount of restitution ordered and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends in his main and pro se supplemental briefs that his waiver of the right to appeal was not valid. We reject that contention. The plea colloquy, together with the written waiver of the right to appeal executed by defendant, establishes that defendant's waiver of the right to appeal was knowingly, intelligently, and voluntarily entered (*see People v Johnson*, 122 AD3d 1324, 1324; *People v Guantero*, 100 AD3d 1386, 1386-1387, *lv denied* 21 NY3d 1004; *People v Jones*, 96 AD3d 1637, 1637, *lv denied* 19 NY3d 1103). Defendant's contention in his main and pro se supplemental briefs that the indictment was facially defective because it failed to specify the precise date on which the offenses were committed and instead gave a 13-month time span was forfeited by defendant's guilty plea and, in any event, the waiver of the right to appeal encompasses that contention (*see People v Turley*, 130 AD3d 1578, 1578, *lv denied* 26 NY3d 972, *reconsideration denied* 26 NY3d 1093; *People v Slingerland*, 101 AD3d 1265, 1265-1266, *lv denied* 20 NY3d 1104; *see generally People v Iannone*, 45 NY2d 589, 600-601). The waiver of the right to appeal also encompasses defendant's contention in his main brief that County Court erred in issuing orders of

protection in favor of his father, brother, and stepsister inasmuch as the orders of protection were disclosed as part of defendant's plea prior to both the plea colloquy and defendant's waiver of the right to appeal (*cf. People v Nicometo*, 137 AD3d 1619, 1620; *People v Lilley*, 81 AD3d 1448, 1448, *lv denied* 17 NY3d 860).

Defendant's contention in his main brief that the court erred in directing him to pay a specified amount of restitution without conducting a hearing " 'is not foreclosed by his waiver of the right to appeal because the amount of restitution was not included in the terms of the plea agreement' " (*People v Tessitore*, 101 AD3d 1621, 1622, *lv denied* 20 NY3d 1104; *see People v Burns*, 111 AD3d 1293, 1293).  We agree with defendant that "the record 'does not contain sufficient evidence to establish the amount [of restitution to be imposed]' " (*People v Lawson* [appeal No. 7], 124 AD3d 1249, 1250).  We thus conclude that the court " 'erred in determining the amount of restitution without holding a hearing' " (*id.*).  We therefore modify the judgment by vacating the amount of restitution ordered, and we remit the matter to County Court for a hearing to determine the amount of restitution to be paid by defendant.

We have reviewed defendant's remaining contentions in his pro se supplemental brief and conclude that none warrants reversal or further modification of the judgment.

Entered:  November 18, 2016                    Frances E. Cafarell
                                               Clerk of the Court