# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1272**
**KA 15-00811**
PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ROOSEVELT R. COLEMAN, JR., DEFENDANT-APPELLANT.

---

CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.

ROOSEVELT R. COLEMAN, JR., DEFENDANT-APPELLANT PRO SE.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered February 18, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection, and as modified the judgment is affirmed, and the matter is remitted to Cayuga County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon his plea of guilty to two counts of criminal contempt in the first degree (Penal Law § 215.51 [c]), defendant contends that his guilty plea was jurisdictionally defective because that crime was neither charged in the indictment nor constitutes a lesser included offense of a crime charged in the indictment. We reject that contention inasmuch as first-degree criminal contempt under Penal Law § 215.51 (c) constitutes a lesser included offense of aggravated criminal contempt under Penal Law § 215.52 (3), two counts of which were charged in the indictment (*see generally* CPL 1.20 [37]; *People v Green*, 56 NY2d 427, 431, *rearg denied* 57 NY2d 775). Indeed, as charged in the indictment, the commission of first-degree criminal contempt under section 215.51 (c) is itself the criminal act required under the aggravated criminal contempt counts under section 215.52 (3).

Defendant contends that the expiration date on the order of protection, i.e., February 18, 2027, is illegal because it fails to account for his jail time credit under Penal Law § 70.30 (3) (*see* CPL 530.12 [5]; *People v Hopper*, 123 AD3d 1234, 1235; *People v DeFazio*, 105 AD3d 1438, 1439, *lv denied* 21 NY3d 1015; *People v Nugent*, 31 AD3d 976, 978, *lv denied* 8 NY3d 925). That contention is not preserved for

our review (*see People v Nieves*, 2 NY3d 310, 315-317), but we nevertheless exercise our power to review it as a matter of discretion in the interests of justice. We agree with defendant that County Court failed to account for the jail time credit to which he is entitled and, consequently, erred in its determination of the expiration date of the order of protection. We therefore modify the judgment by amending the order of protection, and we remit the matter to County Court to determine the jail time credit to which defendant is entitled and to specify an expiration date for the order of protection in accordance with CPL 530.12 (5) (*see People v Richardson*, 143 AD3d 1252, 1255; *DeFazio*, 105 AD3d at 1439).

We conclude that the sentence is not unduly harsh or severe. Finally, we have considered defendant's remaining contentions in his main and pro se supplemental briefs, and we conclude that they are without merit.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court