■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE GAINES, Appellant. [51 NYS3d 472]—Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered October 17, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Centra, J.P., Lindley, DeJoseph, NeMoyer and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT G. GILL, Appellant. [51 NYS3d 472]—Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered August 2, 2012. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [1]). Contrary to defendant's contention, he knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Fontaine*, 144 AD3d 1658, 1658 [2016]). Although defendant's contention that his guilty plea was not knowing, voluntary, and intelligent survives the valid waiver of the right to appeal, defendant failed to preserve that contention for our review inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction (*see People v Bizardi*, 130 AD3d 1492, 1492 [2015], *lv denied* 27 NY3d 992 [2016]). This case does not fall within the rare exception to the preservation rule set forth in *People v Lopez* (71 NY2d 662, 666 [1988]), "inasmuch as nothing in the plea colloquy casts significant doubt on defendant's guilt or the voluntariness of the plea" (*People v Lewandowski*, 82 AD3d 1602, 1602 [2011]; *see Lopez*, 71 NY2d at 666; *Bizardi*, 130 AD3d at 1492). Present—Centra, J.P., Lindley, DeJoseph, NeMoyer and Scudder, JJ.