■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. LAVALLEY, Appellant. [51 NYS3d 439]—

Devine, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered April 6, 2015, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

In satisfaction of a two-count indictment, defendant pleaded guilty to driving while intoxicated and waived his right to appeal. Under the terms of the plea agreement, defendant was required to participate in the judicial diversion program with the understanding that, if he failed to successfully complete the program, he could be sentenced to up to four years in prison. Defendant was thereafter terminated from the program and County Court sentenced him to 1⅓ to 4 years in prison. Defendant now appeals and we affirm.

Defendant validly waived the right to appeal his conviction and sentence. County Court explained that the right to appeal was separate and distinct from the rights forfeited by a guilty plea and defendant affirmed his understanding of the waiver. Contrary to defendant's contention that the appeal waiver was limited and allowed a challenge to the severity of his sentence, the record reflects that he signed a detailed written waiver in open court stating that it included any challenge to the sever-

ity of the sentence (*see People v Yaw*, 120 AD3d 1447, 1448 [2014], *lv denied* 24 NY3d 1005 [2014]; *People v Fling*, 112 AD3d 1001, 1002 [2013], *lv denied* 23 NY3d 1020 [2014]; *cf. People v Maracle*, 19 NY3d 925, 927-928 [2012]). While it would have been better practice for County Court to have confirmed that defendant had discussed the waiver with counsel and had read the written waiver before signing it, the relevant facts and circumstances—including defendant's prior experience with the criminal justice system, the oral colloquy and the detailed written waiver—demonstrate that defendant knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence (*see People v Sanders*, 25 NY3d 337, 341-342 [2015]; *People v Empey*, 144 AD3d 1201, 1202-1203 [2016], *lv denied* 28 NY3d 1144 [2017]; *People v Lester*, 141 AD3d 951, 952-953 [2016], *lv denied* 28 NY2d 1185 [2017]). Accordingly, the valid waiver precludes his claim that his sentence is harsh and excessive (*People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Oddy*, 144 AD3d 1322, 1323 [2016]).

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur. Ordered that the judgment is affirmed.