THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD WALKER, Appellant. [57 NYS3d 806]—

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered April 7, 2015. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]). The conviction arises from an incident in which defendant broke into the home of his former girlfriend in violation of a stay-away order of protection and allegedly threatened to kill her while armed with a kitchen knife.

Contrary to defendant's contention, the record establishes that he made a knowing, intelligent, and voluntary waiver of his right to appeal (*see People v Harris* [appeal No. 4], 147 AD3d 1375, 1376 [2017]; *People v Johnson*, 125 AD3d 1419, 1419-1420 [2015], *lv denied* 26 NY3d 1089 [2015]; *see generally People v Sanders*, 25 NY3d 337, 341-342 [2015]). The fact that Supreme Court did not specifically explain that even a legal sentence may be challenged on appeal does not impair the scope or validity of the waiver, inasmuch as there is "no requirement that [a] defendant expressly waive every potential claim or defense . . . in order to produce a valid, unrestricted waiver of the right to appeal" (*People v Corbin*, 121 AD3d 803, 804 [2014]; *see People v Muniz*, 91 NY2d 570, 574-575 [1998]).

Although the presentence report reflects that defendant has cognitive limitations, there is no indication in the record that he "was uninformed, confused or incompetent when he waived his right to appeal" (*People v DeFazio*, 105 AD3d 1438, 1439 [2013], *lv denied* 21 NY3d 1015 [2013] [internal quotation marks omitted]; *see People v Scott*, 144 AD3d 1597, 1598 [2016], *lv denied* 28 NY3d 1150 [2017]; *see also People v Andrews*, 274 AD2d 670, 670 [2000], *lv denied* 95 NY2d 960 [2000]), and we reject his contention that the explanations of the waiver provided to him were themselves inconsistent or confusing (*see People v Ramos*, 135 AD3d 1234, 1235 [2016], *lv denied* 28 NY3d 935 [2016]; *People v Reinhardt*, 82 AD3d 1592, 1593 [2011], *lv denied* 17 NY3d 799 [2011]; *see also People v Yaw*, 120 AD3d 1447, 1448-1449 [2014], *lv denied* 24 NY3d 1005 [2014]).

Defendant's valid waiver of his right to appeal with respect to both his conviction and sentence forecloses his challenge to the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Carr*, 147 AD3d 1506, 1506 [2017]). In addition, given that defendant expressly acknowledged that his waiver of the right to appeal would extend to "any orders of protection that are issued as to form, duration, or content," we conclude that the waiver encompasses his contention that the no-contact order of protection issued in favor of the victim is "unduly stringent" (*see People v Fontaine*, 144 AD3d 1658, 1658-1659 [2016]; *cf. People v Lilley*, 81 AD3d 1448, 1448 [2011], *lv denied* 17 NY3d 860 [2011]). In any event, although the victim asked the court to issue only a no-offensive-contact order of protection, we conclude that the court did not err in issuing a no-contact order (*see People v Richardson*, 134 AD3d 1566, 1567 [2015], *lv denied* 27 NY3d 1074 [2016]). Finally, defendant contends that the court erred at sentencing because it did not "fairly consider the option of issuing a no-offensive-contact order of protection." Even assuming, arguendo, that his contention survives his waiver of the right to appeal and does not require preservation (*see generally People v Halston*, 37 AD3d 1144, 1145 [2007], *lv denied* 8 NY3d 985 [2007]), we conclude that it is not supported by the record (*see generally People v Vasquez*, 131 AD3d 1076, 1077 [2015], *lv denied* 26 NY3d 1151 [2016]). Present—Whalen, P.J., Smith, DeJoseph, Troutman and Scudder, JJ.