People v Cunningham (2018 NY Slip Op 00947)





People v Cunningham


2018 NY Slip Op 00947


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1516 KA 16-00158

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRYANT CUNNINGHAM, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (JULIE BENDER FISKE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered July 1, 2015. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree, criminal contempt in the second degree, and tampering with a witness in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), criminal contempt in the second degree (§ 215.50 [3]), and tampering with a witness in the fourth degree (§ 215.10 [a]). The conviction arises from an incident in which defendant broke into the home of his former girlfriend in violation of an order of protection and threatened to distribute nude photographs of her if she testified against him in a Town Court proceeding related to an earlier alleged assault of her by defendant.
Contrary to defendant's contention, the record establishes that he made a knowing, intelligent and voluntary waiver of his right to appeal (see People v Walker, 151 AD3d 1730, 1730 [4th Dept 2017], lv denied 29 NY3d 1135 [2017], reconsideration denied 30 NY3d 984 [2017]; People v Harris [appeal No. 4], 147 AD3d 1375, 1376 [4th Dept 2017], lv denied 29 NY3d 998 [2017]; see generally People v Sanders, 25 NY3d 337, 341-342 [2015]). We reject defendant's contention that the explanations of the waiver provided to him by Supreme Court were confusing (see Walker, 151 AD3d at 1731; see also People v Ramos, 135 AD3d 1234, 1235 [3d Dept 2016], lv denied 28 NY3d 935 [2016]), and there is no indication in the record that he was confused when he waived his right to appeal (see generally People v DeFazio, 105 AD3d 1438, 1439 [4th Dept 2013], lv denied 21 NY3d 1015 [2013]).
Defendant's valid waiver of his right to appeal with respect to both his conviction and his sentence forecloses his challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255-256 [2006]; Walker, 151 AD3d at 1731).
Finally, defendant contends that the court erred in calculating the expiration date of the order of protection entered against him. Given that defendant expressly acknowledged that his waiver of the right to appeal would extend to "any orders of protection that were issued as to form, duration or content," we conclude that the waiver encompasses his contention that the order's expiration date is incorrect (see People v Fontaine, 144 AD3d 1658, 1658-1659 [4th Dept 2016], lv denied 29 NY3d 997 [2017]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court